RECEIVED
IN LAKE CHARLES, LA
JUN 13 2007
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE: CAMERON PARISH RITA LITIGATION AGAINST STATE FARM | : | DOCKET NO. 2:07 MD 01 |
| | : | JUDGE MINALDI |
| | : | MAGISTRATE JUDGE WILSON |

**THIS DOCUMENT RELATES TO:**

**2:06 CV 1864**     **2:06 CV 1893**     **2:06 CV 1901**

**REPORT AND RECOMMENDATION**

The court has sua sponte raised the issue of its subject matter jurisdiction in the consolidated cases where complete diversity is apparently lacking. See Doc. 1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs are Louisiana citizens as is defendant, Denson Engineers, Inc. (Denson). Defendants contend that the citizenship of Denson should be disregarded in assessing the court's jurisdiction because it has been fraudulently/improperly joined.

Fraudulent/Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this court must have original jurisdiction. 28 U.S.C. § 1441(a). Defendants rely on diversity jurisdiction pursuant to 29 U.S.C. § 1332 to satisfy this requirement. If removal is based on the claim that non-diverse parties have been improperly joined, then the

removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). There is no alleged fraud in these cases. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.*

The focus of the court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[1] The motive or purpose for the joinder of the in-state

---

[1] In other words, facts that can be easily disproved if not true. *Id.*

2

defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

At issue in each of these cases is whether the loss of plaintiffs' property during Hurricane Rita was due to wind, a covered peril, or storm surge, allegedly a non-covered peril. Denson was hired by State Farm Fire and Casualty Company (State Farm) to inspect the plaintiffs' properties at least in part to give an opinion as to the cause of the property damage. It is alleged in each case that Denson initially gave an opinion that the plaintiffs' property was substantially destroyed by wind prior to the storm surge. It is further alleged that State Farm then instructed Denson to change its opinion, and that Denson issued a subsequent opinion indicating that plaintiffs' properties were destroyed by storm surge. In an obvious reference to La.C.C. art. 2324[2] plaintiffs go on to allege that State Farm and Denson conspired to commit an intentional and willful tort by altering the Denson report so as to deprive plaintiffs of the right to the proceeds under their policies and that Denson is liable in solido with State Farm for damages resulting.

La.C.C. art. 2324 does not impose free standing liability for a civil conspiracy. "The actionable element in a claim under this Article is not the conspiracy itself, but rather the tort which the conspirators agree to perpetrate and which they actually commit in whole or in part."

---

[2] La. C.C. art. 2324(A) provides:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

Case 2:06-cv-01901-PM-MEM   Document 13   Filed 06/13/07   Page 4 of 8 PageID #: 112

*Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002) (internal quotes and citation omitted). Defendants contend that Plaintiffs have failed to allege a viable underlying tort.

Denson's position is analogous to that of an insurance adjuster. Generally, in Louisiana, an insured has no tort claim against an insurance adjuster for processing and handling of an insurance claim. *Edwards v. Allstate Property & Casualty Co.*, 2005 WL 221560 (E.D.La. 2005); *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1st Cir. 1981). However, an adjuster may owe a duty to an insured in some circumstances. *Id.* For example, an adjuster may be liable for delictual fraud. *Id.*

Justifiable reliance with resulting injury is essential to a claim for delictual fraud or misrepresentation. *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 627 (5th Cir. 1999): *Chiarella v. Sprint Spectrum LP*, 921 So.2d 106, 123 (La.App. 4 Cir. 2005). Plaintiff's have not alleged justifiable reliance with resulting injury, and, in fact, have not argued that such a claim is alleged. *But see Ballay v. State Farm Fire and Casualty Company*, 2007 WL 734414 (E.D.La. 2007). Plaintiffs have argued that a claim is stated for intentional infliction of emotional distress.

> [I]n order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

*White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). *See also Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1023 (La. 2000).

Plaintiffs' complaints must state a claim against Denson consistent with Rule 12(b)(6). The complaint must include a "short and plain statement" of the claim. F.R.C.P. 8(a)(2). Such a

4

statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 998 (2002). It is not necessary that the complaint "state with precision all of the elements that are necessary to give rise to a legal basis for recovery." 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1216 at 214. "However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any recognizable legal theory, even though that theory may not be the one suggested or intended by the pleader, or the pleading must contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Id.* at 220-27 (footnotes omitted) (*quoted with approval in Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420 (5th Cir. 2006)). Under Rule 12(b)(6) [d]ismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Rios v. City of Del Rio, Tex., supra.* (internal quotes omitted).

In order to support a claim for intentional infliction of emotional distress "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *White v. Monsanto Co., supra.* "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." *Id.* at 1210-11. It is far from certain that the conduct described by Plaintiffs rises to the level of "extreme and outrageous." *See, e.g., Natividad v. Alexsis, Inc.* 875 S.W.2d 695 (Tex. 1994) (allegations that checks delayed, given the runaround and treated rudely not extreme and outrageous); *Wooley v. Shewbart*, 569

5

So.2d 712, 717 (Ala.1990) (allegation that compensation carrier denied benefits for no reason shortly before insured's surgery does not state a claim of outrageous conduct); *Farley v. CNA Ins. Co.*, 576 So.2d 158, 160 (Ala.1991) (evidence that compensation carrier gave claimant the "runaround" and did not timely pay her bills did not establish claim for outrageous conduct); *Davis v. Gulf Life Ins. Co.*, 502 So.2d 1012 (Fla.Dist.Ct.App.1987) (insurer's arbitrary refusal to pay a valid claim does not constitute outrageous conduct); *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 374 N.W.2d 905, 911 (1985) (insurer's failure to facilitate filing of claim and denial of valid benefits claim was not outrageous); *Hajciar v. Crawford & Co.*, 142 Mich.App. 632, 369 N.W.2d 860, 864 (1985) (insurer's termination of benefits in order to coerce a lump sum settlement was not extreme and outrageous for purposes of the intentional infliction tort); *Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 462 N.E.2d 392, 394 (1984) (insurer's pressuring of insured to accept settlement offer, along with threats of premature termination of benefits, was not outrageous). However, we must view the allegations of the plaintiffs in the light most favorable to them. In this light Plaintiffs' petitions can be read as alleging that Denson's report was deliberately falsified for the purpose of depriving Plaintiffs of benefits that were owed under their policies for the complete destruction of their homes. Read in this light this court is unable to say that there is no reasonable possibility that this conduct would be found to be extreme and outrageous.

The distress suffered must also "be such that no reasonable person could be expected to endure it. Liability arises only where the mental suffering or anguish is extreme." *White v. Monsanto Co., supra*, at 1210 (citing *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 570 (La. 1990). In *Lejeune v. Rayne Branch Hospital*, the court noted that serious emotional distress

6

"goes well beyond simple mental pain and anguish." 556 So.2d at 570. "A non-exhaustive list of examples of serious emotional distress includes neuroses, psychoses, chronic depression, phobia and shock." *Id.* Plaintiffs have not specifically alleged that severe emotional distress resulted from the complained of conduct. They have only alleged that they suffered mental anguish. However, the severity of the emotional distress can be inferred from the character of Defendants' conduct. Restatement (Second) of Torts, comment j, § 46.

Finally Plaintiffs must establish that Defendants "desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." By alleging that Defendants conspired to commit an intentional tort Plaintiffs have put Defendants on notice that they would be claiming that Defendants either (1) consciously desired the result of their actions; or (2) knew that the resulting harm was substantially certain to follow their conduct. *White v. Monsanto Co., supra* at 1208.

We conclude that Plaintiffs' complaint meets the pleading requirements of F.R.C.P. 8 for stating a claim for damages based on intentional infliction of emotional distress. It may well be unlikely that Plaintiffs will ultimately recover damages from Denson, however, at this point there is a "possibility of recovery." Accordingly, joinder of the non-diverse defendant, Denson, is not fraudulent/improper, and these matters should be remanded.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of June, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE